# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CEDAR LAKE VENTURES I, LLC, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:10-CV-255 |
| TOWN OF CEDAR LAKE, INDIANA, | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before me on Plaintiff Cedar Lake Ventures I, LLC's Motion for Remand (DE 9). Cedar Lake Ventures owns property in a real estate development in the Town of Cedar Lake, the defendant in this action. The Town recorded a land development plan for the property owned by Cedar Lake Ventures allegedly in violation of Indiana law. Thereafter, based on that plan, the Town entered the property claiming easement rights. Cedar Lake Ventures' complaint was filed in state court in September 2007, bringing claims for declaratory judgment, injunctive relief, trespass, and inverse condemnation because the Town refused to leave the property and it improperly claimed easement rights.

In March 2009 the state trial court initially granted partial summary judgment in the Town's favor. But after Cedar Lake Ventures moved to correct error, the court reversed course and granted summary judgment in Cedar Lake Ventures' favor under I.C. 32-24-1-16. The court decided that the easements had expired and the property was taken by inverse condemnation. The judgment didn't address the other issues in the complaint pertaining to damages. Final judgment was entered on those specific issues on June 4, 2009, and the court stayed all other proceedings pending the appeal of the partial summary judgment decision. The Indiana court of

appeals affirmed the trial court's final judgment on December 31, 2009, and the Indiana Supreme court denied transfer on June 17, 2010.

Cedar Lake Ventures then commenced proceedings in the trial court to determine damages. To that end, Cedar Lake Ventures amended its complaint on June 21, 2010, bringing a claim under the Uniform Relocation Assistance and Real Properly Acquisition Policies Act for Federal and Federally Assisted Programs, 42 U.S.C. § 4061 et seq. ("Federal Act"). The Town received service on June 22, 2010. On June 24, 2010, the Town removed this matter to federal court. Then on July 1, 2010, Cedar Lake Ventures filed yet another motion – this time a document it called a Motion to Amend/Correct the Amended Complaint–to add a claim under the Indiana Relocation Assistance Act. Cedar Lake Ventures also filed a Motion for Remand, along with a Motion for Interim Payment of Attorneys Fees and Other Litigation Costs. This order resolves only the motion for remand.

## **DISCUSSION**

A party seeking removal has the burden of establishing that federal jurisdiction is appropriate. *See Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, a defendant may remove a case to federal court where "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 . . . is joined with one or more otherwise non-removeable claims or causes of action." 28 U.S.C. § 1441(c).

The Town removed this case on June 24, 2010, filing a notice within the thirty day time frame set forth in 28 U.S.C. § 1446(b). The Town's notice states that this court has original jurisdiction of the federal claim brought in the Amended Complaint pursuant to 28 U.S.C. §

2

1331, and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367, so removal was proper under 28 U.S.C. § 1441. The parties don't dispute that the removal was proper.

Cedar Lake Ventures makes two arguments for remand. First, Cedar Lake Ventures argues that I should remand this matter for a lack of subject matter jurisdiction. In support, Cedar Lake Ventures points out that the Town argued that the federal claim lacked merit when Cedar Lake Ventures amended the complaint in state court. (DE 9, at 2; DE 9-1, at 3.) This is rather perplexing. Cedar Lake Ventures is apparently saying that its opponent – the Town – is correct, that their federal claim is meritless and the case should be remanded because of it. If that's how Cedar Lake Ventures feels about its federal claim, then why not simply withdraw the claim? At this point in time, I haven't the slightest idea whether the federal claim that gives me jurisdiction has any merit and will withstand a motion to dismiss. But as the Amended Complaint stands before me, the federal claim exists, and I have subject matter jurisdiction because it poses a federal question.

Cedar Lake argues in the alternative that I should abstain from exercising jurisdiction to avoid interference with the application of the Indiana Relocation Assistance Act. Cedar Lake's Second Motion to Amend its complaint seeks to add a claim under this Indiana statute. Its argument is that federal review of this case interferes with state's substantial public interest in establishing a coherent policy regarding this statute.

As a general rule, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbrush v. the City of New Orleans*, 517 U.S. 706, 716 (1996). But the duty isn't absolute, and "federal courts may decline to exercise their

3

jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." *Id.* Often, "[f]ederal courts abstain out of deference to the paramount interests of another sovereign, and the concern is with principles of comity and federalism." *Id.* at 723.

Cedar Lake Ventures' abstention argument fails. For starters, the Amended Complaint currently before me does not include a claim under the Indiana Relocation Assistance Act. Cedar Lake Ventures included the Indiana Relocation Assistance Act in its proposed Second Amended Complaint. (DE 7.) And so at this point in the proceeding, Cedar Lake Ventures' claims don't involve the Indiana Relocation Assistance Act, and hence there is no abstention issue to even consider.

Second, even if the Motion to Amend the Amended Complaint is granted, abstention is still inappropriate. The Indiana Relocation Assistance Act can be applied in conjunction with the federal act. The statute states that an agency acquiring property need not comply with the specific Indiana statutes regarding relocation payments "if the agency complies with all applicable federal law and regulations relating to relocation payments and assistance for persons displaced." I.C. 8-23-17-31. Thus, this statute's purpose can be carried out through the application of federal statutes and regulations. The federalism concerns that make abstention appropriate are not present in this case.

Both of Cedar Lake Ventures' arguments for remand fail, and so the Motion for Remand (DE 9) is **DENIED**. A telephonic status conference is hereby set for **September 8, 2010 at 10:30 a.m., Hammond/Central time**. The Court will initiate the telephone conference. This is done as a courtesy. The parties are **ORDERED** to notify the Case Management Deputy by

4

email at simon_chambers@innd.uscourts.gov by **September 7, 2010 at 12:00 p.m.** as to the following:

1) which attorneys will be participating on the conference call; and

2) what telephone number should be used to contact those attorneys.

In the past, parties have neglected to provide this notice or done so only at the very last minute. If any party does not comply with this portion of the order, that party will be required to appear for this and all future hearings for this matter **IN PERSON**.

**SO ORDERED**.

ENTERED: September 1, 2010

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
