# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CEDAR LAKE VENTURES I, LLC, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:10-CV-255 |
| TOWN OF CEDAR LAKE, INDIANA, | ) |
| Defendant. | ) |

## OPINION and ORDER

In my September 1, 2010 Order denying Cedar Lake Ventures' Motion for Remand, I noted that its argument in favor of remand – that the federal claim in its own complaint was meritless – was perplexing. "If that's how Cedar Lake Ventures feels about its federal claim," I asked, "then why not simply withdraw the claim?" [DE 19 at 3.]

Cedar Lake Ventures apparently liked that suggestion, as this matter now is before me on its Rule 41(a)(2) Motion for Voluntary Dismissal of Federal Claim [DE 22] and its Motion for Remand Upon Dismissal of Federal Claim [DE 24]. Plaintiff is trying once again to remand the case back to Lake Superior Court, Indiana – where the case had been pending for nearly three years prior to its removal to this Court – this time by purging all federal claims from its Second Amended Complaint and thus divesting this Court of its basis for jurisdiction. For the reasons articulated below, I 1) construe Plaintiff's Motion for Voluntary Dismissal of Federal Claim [DE 22] as a motion to amend its Second Amended Complaint [DE 7] pursuant to Fed. R. Civ. P. 15(a)(2); 2) **GRANT** Plaintiff's Motion to Amend its Second Amended Complaint; and 3) **GRANT** Plaintiff's Motion to Remand [DE 24].

## BACKGROUND

My September 1st Order details the somewhat tortuous history of this easement-rights case as it unfolded in the state court. For the purposes of this Order, suffice it to say that the case had been kicking around state court for a couple of years, including an appeal to the Indiana Court of Appeals and then to the Indiana Supreme Court before being sent back to the trial court in Lake County for disposition. Then, on June 22, 2010, Cedar Lake Ventures amended its Complaint in state court to include a claim for damages under the Uniform Relocation Assistance and Real Properly Acquisition Policies Act for Federal and Federally Assisted Programs, 42 U.S.C. § 4061 *et seq*. This maneuver prompted the Town of Cedar Lake to timely remove the case to this Court. One week later, Cedar Lake Ventures tried to put the case back in state court by filing a Motion for Remand, which my September 1st Order denied.

On September 8, 2010, the Court held a telephonic hearing with the parties to discuss case management and the possibility of settlement. During that hearing, the Court granted Cedar Lake Ventures' Motion for Leave of Court to Amend Complaint [DE 6], rendering Cedar Lake Ventures' Second Amended Complaint [DE 7] the operative pleading on file with this Court.

In the three weeks since that hearing the parties have filed a bevy of motions: Cedar Lake Ventures filed its Motion for Voluntary Dismissal of Federal Claim [DE 22] and Motion for Remand Upon Dismissal of Federal Claim [DE 24], while the Town of Cedar Lake has filed a Motion to Reconsider Grant of Plaintiff's Motion for Leave to Amend Complaint [DE 25] and a Motion to Dismiss Portions of Count Three of Plaintiff's Second Amended Complaint [DE 30].

Ultimately, the disputes before me now are less complicated than the active docket might otherwise suggest. Cedar Lake Ventures wants to purge all traces of the federal claim from its

Second Amended Complaint and send the case back to state court. The Town now apparently also wants to rid the Second Amended Complaint of its federal claim but wants the case to remain with this Court.[1] A wealth of precedent is on Plaintiff's side here, and this case will thus be sent back to Indiana state court containing only its state-law claims.

## DISCUSSION

Plaintiff's incantation of Rule 41(a)(2) will not exorcize the federal claim from its Second Amended Complaint. Rule 41(a) only addresses voluntary dismissal of an "action," not a single claim. Fed. R. Civ. P. 41(a)(1-2). As the Seventh Circuit has made clear, Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action' – which is to say, the whole case." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001); *see also Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993) ("Rule 41(a) was singularly designed to allow for voluntary dismissal of entire actions only and not for dismissal of one of several claims against a defendant.").

Plaintiff is hardly the first to have confused the proper uses of Rule 41 in this way, however. *See, e.g., Remien v. EMC Corp.*, No. 04 C 3727, 2004 WL 2381876, at *1 (N.D. Ill. Oct. 19, 2004); *Harkness v. CCA of Tennessee, LLC*, No. 1:09 CV 1049, 2010 WL 3326797, at *2 (S.D. Ind. Aug. 20, 2010). And Courts have devised a simple solution for this confusion:

---

[1] I say "apparently" because the Town's position is somewhat difficult to discern based on two seemingly contradictory pleadings. On September 20, 2010, the Town filed its Opposition to Plaintiff's Motion for Voluntary Dismissal of Federal Claim [DE 26] in which it strenuously objected to Cedar Lake Ventures' attempt to voluntarily dismiss its federal claim. Then, a mere four days later, on September 24, 2010, the Town filed its Motion to Dismiss Portions of Count Three of Plaintiff's Second Amended Complaint [DE 30] in which it demanded that the Court dismiss the federal claim from Plaintiff's Second Amended Complaint. I take it that the Town's current position is embodied in its most recent filing.

convert the faulty Rule 41 motion into a Rule 15 motion to amend the complaint. *Remien*, 2004 WL 2381876, at *1; *Harkness*, 2010 WL 3326797, at *2. I take the same path here and transform Plaintiff's Motion for Voluntary Dismissal into a motion to amend its Second Amended Complaint.

Under Rule 15(a)(2), a plaintiff may amend its complaint by leave of the court, which "[t]he court should freely give ... when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1185 (7th Cir. 1986) ("[W]e re-emphasize that amendments should ordinarily be freely granted."). The Supreme Court has made clear that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).

I see no reason that leave should not be "freely given" here. Indeed, other courts have found the purpose of dismissing all federal claims from a complaint in order to remand the case back to state court to be perfectly justified. *See Harkness*, 2010 WL 3326797, at *2 ("[Plaintiff's] purpose in relinquishing his sole federal claim is, of course, to provide the basis upon which the Court may remand this case to the Marion County Superior Court. The prospect of further litigation in state court does not unduly prejudice [the defendant]."). Accordingly, Cedar Lake Ventures is given leave to amend its Second Amended Complaint by eliminating its federal claim.

A district court has discretion to remand a properly removed case to state court if all

federal law claims in the case have been eliminated and only supplemental state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In order to decide whether to exercise jurisdiction over state law claims, a district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ.*, 484 U.S. at 350.

The Seventh Circuit has repeatedly expressed its preference that district courts remand cases when no federal claims remain. *See, e.g.*, *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994); *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546 (7th Cir. 1996). Given this precedent, there is no question that remanding this case is the best option.

First, this case had been pending in state court for three years before it was removed here. Remand will further the interests of judicial economy: the state judge has been living with this case for an extended period of time whereas I have a learning curve to climb. Notions of comity also point toward remand since this Court should defer to the Lake Superior Court's interest in enforcing the laws of the State of Indiana. Lake Superior Court is also clearly a convenient forum for both parties as the easement dispute at the core of this case is on property in Cedar Lake (in Lake County). And I cannot see any risk of unfairness to the Defendant since any efforts that the Town has made in the three months the case has been pending in this Court will have substantial application in the state court. In short, all four factors – judicial economy,

convenience, fairness, and comity – weigh in favor of remand rather than the continued exercise of jurisdiction over Plaintiff's remaining state law claims. This case is thus remanded back to Lake Superior Court.

## CONCLUSION

Accordingly, the Court construes Plaintiff's Motion for Voluntary Dismissal of Federal Claim [DE 22] as a motion to amend its Second Amended Complaint. Plaintiff's leave to amend its Second Amended Complaint by eliminating its sole federal claim is **GRANTED**. Plaintiff's Motion for Remand Upon Dismissal of Federal Claim [DE 24] is also **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the Lake Superior Court, in Lake County, Indiana, for redocketing under Indiana state court case number 45D10-0709-PL-00154. Defendant's Motion to Reconsider Grant of Plaintiff's Motion for Leave to Amend Complaint [DE 25] and Motion to Dismiss Portions of Count Three of Plaintiff's Second Amended Complaint [DE 30] are hereby **DENIED** as moot. The clerk shall treat this civil action as **TERMINATED**. All further settings in this action are hereby **VACATED**.

**SO ORDERED**.

ENTERED: October 4, 2010

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
